THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-21

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RICHARD ANTHONY SWANGER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) By Application of USSG Amendment 821 Part B [Zero Point Offender]" [Doc. 850].

**I.   BACKGROUND**

On March 13, 2020, deputies with the Haywood County Sheriff's Office conducted a traffic stop of a truck driven by the Defendant Richard Anthony Swanger. [Doc. 642: PSR at ¶¶ 48-49]. During the stop, the deputies recovered a firearm from the Defendant's boot as well as a .22 caliber rifle from the cab of the truck. [Id. at ¶ 50]. The deputies also discovered several bags, containing a total of 11.35 grams of methamphetamine, within the vehicle. [Id. at ¶¶ 51, 52].

A federal grand jury indicted the Defendant and a number of others with conspiring to distribute and possess with intent to distribute methamphetamine as well as a number of other substantive narcotics trafficking and firearm offenses. [Id. at ¶ 55]. When investigators came to the Defendant's residence to arrest him on the indictment, they saw him throw a user quantity of meth and a glass meth pipe into the yard. [Id.]. Investigators also found a loaded revolver on the Defendant's person. [Id.]. During a subsequent search of the Defendant's residence, investigators found a set of digital scales as well as six additional firearms. [Id. at ¶ 56].

On June 27, 2022, the Defendant pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute a quantity of methamphetamine. [Docs. 585, 592]. A Presentence Report was prepared in advance of sentencing, which determined that a total offense level of 29, which included a two-level increase due to the fact that the Defendant had possessed a dangerous weapon (namely, a firearm) in connection with the offense. [Doc. 642: PSR at ¶¶ 67, 75]. The probation office further determined that the Defendant had zero criminal history points, which established a criminal history category of I. [Id. at ¶¶ 87-88]. That criminal history category, when combined with a total offense level of 29, resulted in a guideline range of 87 to 108 months' imprisonment. [Id. at ¶116]. On

December 15, 2022, the Court sentenced the Defendant to a term of 63 months' imprisonment. [Doc. 760]. The Defendant did not appeal.

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 for a reduction of his sentence. [Doc. 850].

## II. DISCUSSION

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). In such a case, the Court may reduce the sentence if such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

In considering a motion under § 3582(c)(2), the Court undertakes a two-step analysis. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," including calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." United States v. Martin, 916 F.3d 389, 395

(4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. The Court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). Ultimately, the decision to grant or deny a § 3582(c)(2) motion is within the Court's discretion. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

Part B of Amendment 821, which became effective on November 1, 2023, amended U.S.S.G. § 4C1.1 to provide for a decrease of two levels from the offense level determined under Chapters Two and Three for those defendants who did not receive any criminal history points and whose offense of conviction did not include any aggravating factors. U.S.S.G. § 4C1.1 (2023). One of the aggravating factors identified in the revised guideline is that the Defendant possessed a firearm or other dangerous weapon in connection with the offense. Id. § 4C1.1(a)(7). Here, the Defendant's offense of conviction clearly involved the possession of a number of firearms. As such, the Defendant does not meet the criteria for relief under Amendment 821. Accordingly, the Defendant's motion is denied.

4

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence" [Doc. 850] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 12, 2024

Martin Reidinger
Chief United States District Judge